## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| UEL JOE FREEMAN, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 4:22-cv-00794-SEP |
| MICHELE BUCKNER, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

Before the Court are Petitioner Uel Joe Freeman's Motion for Leave to Proceed *In Forma Pauperis*, Doc. [3], and Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, Doc. [4].  For the reasons set forth below, the Motion is granted and the Amended Petition dismissed.

### BACKGROUND

Petitioner is a self-represented litigant who is currently incarcerated at the South Central Correctional Center in Licking, Missouri, though the sentence he is serving there is unrelated to the present matter.  On July 28, 2022, he filed a handwritten document which the Court construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Doc. [1].  In it, Freeman explained that he had been charged with first-degree murder for the 1987 homicide of Tom Rowlands in *State of Missouri v. Freeman*, No. 21AK-CR00293 (37th Jud. Cir., Carter County).  He alleged that he had had a deal with the State, under which the State would not charge him with murder if he passed a polygraph examination.  According to Petitioner, the State broke its promise by charging him with murder.  He therefore asked the Court to "force the state to uphold its promise made to [him] in 1987."  In response, the Court directed Petitioner to file an amended petition on a Court-provided form, and to either file a motion for leave to proceed *in forma pauperis* or pay the filing fee.  Doc. [2].  On September 26, 2022, Petitioner complied by submitting a Motion for Leave to Proceed *In Forma Pauperis*, Doc. [3], and an Amended Petition, Doc. [4].

The Amended Petition raises three grounds for relief.  First, Petitioner alleges that the State of Missouri "failed to uphold [the] promise it made to petitioner 35 years ago," in which the State promised not to file charges related to Tom Rowlands's killing if Freeman passed a polygraph examination.  *Id.* at p. 6.  Second, Petitioner states that on April 25, 1989, he "filed a motion for speedy trial on the murder charge," but that the "charge has never been dismissed from 1987."  *Id.*  He insists that the murder charge has been "pending" for "35 years[,] not counting it being refiled."  *Id.*  And third, Petitioner complains that the State of Missouri "refiled murder charges [using] the exact same evidence they used in 1987," and that there is "no newly discovered evidence" used in the indictment.  *Id.*  Petitioner asks the Court to "force the State of Missouri to uphold its promise, [and] force the state to dismiss with outcome determinative with prejudice."  *Id.* at p. 7.

The Court has reviewed Petitioner's underlying criminal case.  The State of Missouri filed a criminal complaint against Petitioner on August 21, 2021, charging him with the first-degree murder of Thomas Rowland.  *State of Missouri v. Freeman*, No. 21AK-CR00293 (37th Jud. Cir., Carter County).  According to a probable cause statement filed with the complaint, the State accused Petitioner of shooting Rowland in the head on May 11, 1987.  At the time Petitioner filed his Amended Petition, his criminal case remained pending.  However, after the filing of his Amended Petition, Freeman reached a plea agreement with the State and waived his right to a preliminary hearing.  On October 17, 2022, the State filed a felony information charging Freeman with involuntary manslaughter related to the shooting death of Rowland.  *State of Missouri v. Freeman*, 21AK-CR00293-01 (37th Jud. Cir., Carter County).  That same day, Petitioner waived his arraignment, pled guilty to involuntary manslaughter, and was sentenced to 60 days in county jail, with credit for time served.

## DISCUSSION

As noted, Petitioner is a self-represented litigant who has filed a 28 U.S.C. § 2241 Amended Petition for Writ of Habeas Corpus seeking to enforce an alleged promise by the State of Missouri not to file murder charges against him in relation to a 1987 homicide.  Habeas Corpus Rule 4 requires courts to preliminarily review habeas petitions before ordering a response.  Based on this review, the Court dismisses the Amended Petition.

Habeas corpus is generally a post-conviction remedy.  *See Peyton v. Rowe*, 391 U.S. 54, 59 (1968).  Pursuant to 28 U.S.C. § 2241(c)(3), however, a petitioner may file a petition for writ

of habeas corpus if he or she "is in custody in violation of the Constitution or laws or treaties of the United States," regardless of whether he or she is in custody pursuant to the judgment of a state court. Thus, a state court defendant attempting to litigate the legality of his pretrial detention may bring a habeas petition pursuant to § 2241. *See Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992).

At the time Petitioner filed his Amended Petition, he had a detainer against him because of the first-degree murder charge pending in *State of Missouri v. Freeman*, No. 21AK-CR00293 (37th Jud. Cir., Carter County). On October 17, 2022, Freeman pled guilty to involuntary manslaughter and was sentenced to 60 days in county jail and given credit for time served. *State of Missouri v. Freeman*, 21AK-CR00293-01 (37th Jud. Cir., Carter County). Because Petitioner has thus been convicted, he can no longer seek relief under 28 U.S.C. § 2241. A person in custody pursuant to the judgment of a state court "can only obtain habeas relief through [28 U.S.C.] § 2254, no matter how his pleadings are styled." *Crouch v Norris*, 251 F.3d 720, 723 (8th Cir. 2001). Pretrial 28 U.S.C. § 2241 petitions become moot upon the petitioner's conviction. *See, e.g.*, *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988). Because Freeman can no longer obtain relief under § 2241, his Amended Petition must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Leave to Proceed *In Forma Pauperis*, Doc. [3], is **GRANTED**.

**IT IS FURTHER ORDERED** that Freeman's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Doc. [4], is **DISMISSED** without prejudice. An order of dismissal accompanies this Memorandum and Order.

**IT IS FINALLY ORDERED** that the Court does not issue a certificate of appealability.

Dated this 15th day of November, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE